O
JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| ANTHONY WOLFE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>AMERICAN STATES PREFERRED INSURANCE COMPANY; DOES 1–20, inclusive,<br><br>　　　　　Defendants. | Case No. 2:14-cv-08513-ODW(PJWx)<br><br>**ORDER REMANDING CASE TO LOS ANGELES COUNTY SUPERIOR COURT** |

　　　　On November 3, 2014, Defendant American States Preferred Insurance Company removed this action from Los Angeles County Superior Court, invoking diversity jurisdiction under 28 U.S.C. § 1332.  But after considering Defendant's Notice of Removal, the Court finds that Defendant has failed to adequately allege the requirements for diversity jurisdiction.  The Court therefore **REMANDS** this case to Los Angeles County Superior Court, case number BC557936.

　　　　Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress.  U.S. Const. art. III, § 2, cl. 1; *e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  A defendant may only remove a suit filed in state court if the federal

court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). But courts strictly construe the removal statute against removal jurisdiction, and federal "jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) (citing *Gaus*, 980 F.2d at 566).

Federal courts have original jurisdiction where an action presents a federal question under 28 U.S.C. § 1331 or diversity of citizenship under 28 U.S.C. § 1332. To exercise diversity jurisdiction, a federal court must find complete diversity of citizenship among the adverse parties, and the amount in controversy must exceed $75,000, usually exclusive of interest and costs. 28 U.S.C. § 1332(a). For complete-diversity purposes, a natural person's citizenship is "determined by her state of domicile, not her state of residence." *Kantor v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001); *see also Jeffcott v. Donovan*, 135 F.2d 213, 214 (9th Cir. 1943) ("Diversity of citizenship as a basis for the jurisdiction of a cause in the District Court of the United States is not dependent upon the residence of any of the parties, but upon their citizenship.").

In its Notice of Removal, Defendant alleges that "Plaintiff Anthony Wolfe was, and still is a citizen of the State of California." (Not. of Removal ¶ 6.) But Plaintiff does not admit in his First Amended Complaint that he is a California citizen; rather, Plaintiff admits only that he is "an individual residing in the County of Los Angeles, California." (*Id.* Ex. B, ¶ 1.) While a party's residence may be prima facie evidence of that party's domicile when an action is brought in federal court in the first instance, *see State Farm Mut. Auto. Ins. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994), mere residence allegations do not suffice to establish citizenship on removal in light of the strong presumption against removal jurisdiction. *See Kanter*, 265 F.3d at 857; *Gaus*, 980 F.2d at 567.

Neither does Defendant cite any objective facts to establish that Plaintiff is a California citizen, such as "voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes." *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986).

Also problematic to diversity jurisdiction in this action is the amount in controversy. Defendant alleges that "[t]he matter in controversy exceeds the sum of $74,000 in that Plaintiff has prayed for contract benefits under a Personal Auto Insurance Policy in addition to consequential damages, attorneys' fees, and punitive damages." (Not. of Removal ¶ 8.) But when the state court complaint does not allege the amount in controversy—as is the case here—the removing party must supply this jurisdictional fact. *Gaus*, 980 F.2d at 566–67. Defendant's allegations with respect to the amount in controversy are merely conclusory and do not meet Defendant's burden on removal.

Left with Defendant's inadequate residency and amount-in-controversy allegations, the Court finds that Defendant has not established diversity jurisdiction over this case. The Court therefore **REMANDS** this case to Los Angeles County Superior Court, case number BC557936. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The Clerk of Court shall close this case.

**IT IS SO ORDERED.**

November 21, 2014

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**

cc:order, docket, remand letter
to Los Angeles Superior Court,
No. BC557936